— Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 21, 2012, which granted the motion of defendants Salvus Security Services, Inc. (Salvus) and Jon Chironna for summary judgment dismissing the complaint and cross claims as against them, unanimously affirmed, without costs.
Elaintiff was allegedly assaulted in an alley near a nightclub owned by defendant JMED Holdings, LLC. (JMED). Salvus, the company which contracted with JMED to provide security at the nightclub, and Chironna, a security supervisor for Salvus, were subsequently named as defendants in this action for personal injuries.
Viewing the evidence, including the collective deposition testimony and surveillance video, in the light most favorable to the opponents of the subject motion, we find no actionable negligence or contract-based claims against Salvus. Any conclusion that Salvus, by its employees, was directly responsible for plaintiffs assault would be based upon speculation. In addition, Salvus’s security contract with JMED does not give rise to tort liability in favor of plaintiff, because plaintiff was not assaulted on JMED property and the contract did not require Salvus to secure the area where the assault took place (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Rahim v Sottile Sec. Co., 32 AD3d 77 [1st Dept 2006]).
There is also no evidence indicating that Chironna, Salvus’s head of security at the club, was involved in the alleged assault on plaintiff. Accordingly, the claims and cross claims asserted against him were properly dismissed.
We have considered and rejected appellants’ remaining claims. Concur — Gonzalez, EJ., Friedman, Moskowitz and Feinman, JJ.